GEORGE A. CORLIES v. CHARLES P. FLEMING AND JOHN P. CORLIES.

If one of three makers of a joint and several promissory note die, the contract of the surviving makers remains joint as well as several, and payment of interest within six years by one of the surviving makers will take the case out of the statute of limitations.

---

In case certified from Monmouth Circuit Court.

This action was brought on a joint and several promissory note, given by the defendants and one Benjamin Farrington, dated September 4th, 1850, payable one year after date, to John W. Stout, or order, and by him endorsed to the plaintiff. Farrington died before the 1st of February, 1855, and the suit was commenced on the 11th of July, 1861. The interest was paid every year, by Fleming, to the plaintiff, to the year 1860 inclusive.

The statute of limitations was pleaded.

VOL. I.                    Y

BROWN, J.   Notwithstanding the death of Farrington, the contract of the surviving promisers remains joint as well as several.   The death severed the contract only as to the representatives of the deceased.   The liability of the survivors remains unchanged.   The payments, by Fleming, of interest up to February, 1855, were made during the joint liability of all the drawers of the note, and after that time during the joint liability of himself and his co-defendant.

The question, therefore, raised by the plea of the statute of limitations, is whether payment by one of the joint debtors, without the knowledge and consent of the other, relieves the claim from the bar of the statute.

As to the party making the payment, it is not questioned but that it is such evidence of the subsistence of the debt, and of willingness to pay it, as to justify the inference of a promise to do so.   The contention is, that it does not bind the co-debtor, because he did not make or assent to the payment; and further, because there is no agency, express or implied, among joint debtors (other than partners) authorizing one to bind the other by a new promise, express or implied.   If this were an original question, I am not at all sure that the proposition would not be held good law.   It might fairly be urged that the implied agency of one to pay the debt, or a part of it, for the other, extended only to the fulfilling of their obligation, and not to the creation of a new one, in place of that barred by the statute.

But irrespective of the question, whether this note could at any time be considered barred, the payments having been made each year, to take this ground *now* would cause much difficulty and injustice.   The law has always, I believe, been held otherwise in this state.   The people have acted and are now acting upon the belief that one joint debtor may by promising, or by payment, from which a promise is inferred, preserve a claim from the statute bar, or if barred, revive it against all the debtors.   Upon the rule contended for by the defendants, no doubt a multitude of sureties upon joint and several notes held in this state, and now considered good se-

curities for the money, as well by the debtors as the creditors, would be discharged. This ought not to be done by the courts, nor indeed by the legislature. A new rule, if required, should have only a prospective operation.

That the law has been so held in New Jersey appears by the case of *Disborough* v. *Bidleman*, considered in the Supreme Court, and reported in *Spencer* 275—277, and again in the Court of Errors, reported in 1 *Zab.* 677.

The memory of every lawyer will probably suggest circuit rulings sustaining the statement of Carpenter, J., in the same case, 1 *Zab.* 680, that " it is a rule which has been frequently recognized as settled law in this state, that payment by one is payment for all, the one acting virtually as agent for the rest, and will take the case out of the statute."

As this view is decisive of the case presented by the certificate, it is not necessary to examine the other question. The circuit should be advised that judgment be entered for plaintiff.

OGDEN, J., concurred.